RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 18a0116p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JAMAL COOPER,

*Defendant-Appellant.*

> No. 17-5475

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 3:14-cr-00090-1—Aleta Arthur Trauger, District Judge.

Decided and Filed: June 22, 2018

Before: BOGGS, BATCHELDER, and THAPAR, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:** Eileen M. Parrish, Nashville, Tennessee, for Appellant. Van S. Vincent, UNITED STATES ATTORNEY'S OFFICE, Nashville, Tennessee, for Appellee.

_____

## OPINION

_____

ALICE M. BATCHELDER, Circuit Judge. The defendant appeals the denial of his motions to suppress evidence obtained from government wiretaps, claiming that the wiretaps were not properly authorized. He claims that the affidavit for the wiretap application did not demonstrate the necessity of the wiretap and that it materially misrepresented some facts and omitted others, necessitating a *Franks* hearing. He also claims that the government improperly used one application for two wiretap orders, did not seal the wiretap recordings as "immediately"

as the statute requires or explain its failure to do so, and did not prove that certain undercover informants consented voluntarily to the recordings of their communications on the wiretaps. We affirm.

## I.

On March 31, 2014, the government obtained a 30-day electronic surveillance order authorizing the wiretapping of cellphones identified as "Target Telephone 1" (TT1) used by Eric Williams, and TT2 used by defendant-appellant Jamal Cooper. The government submitted a single application and the court issued a single wiretap order to cover both phones.

The government intercepted Cooper's calls using TT2 for the next two weeks, including a call on Saturday evening, April 12. Cooper made no more calls on TT2 and the government confirmed this through a confidential informant on Monday, April 14, when it ended its TT2 surveillance. On Wednesday, April 16, the government provided the disc containing the TT2 wiretap recordings to the district court for the court to seal. The government did not intercept any conversations from TT1 because Williams had stopped using it prior to March 31, 2014.

When the government charged Cooper with drug trafficking, he moved to suppress the evidence gathered directly or derivatively from the TT2 wiretap (and all subsequent wiretap recordings as fruits of the TT2 wiretap). Cooper accused the government of violating both the Fourth Amendment and 18 U.S.C. § 2518(1)(c), claiming that the TT2 application did not establish the necessity for the wiretap. Cooper also accused the government of violating § 2518(8)(a) because, Cooper argued, it did not seal the TT2 recording "immediately" as required by the statute. The district court denied the motion without a hearing, relying on the affidavit accompanying the wiretap application and record evidence. *United States v. Cooper*, No. 3:14-cr-00090, 2015 WL 236271 (M.D. Tenn. Jan. 16, 2015).

Later, Cooper moved again to suppress the evidence from the TT2 wiretap, requesting a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), based on his claim that the TT2 application's supporting affidavit was flawed by material misrepresentations and omissions. Cooper also claimed that the government violated § 2518(1)(c) "by offering generalized statements concerning two or more potential targets in its application for permission to use

wiretaps" and "surreptitiously recorded conversations allegedly between Jamal Cooper and various confidential informants . . . without either parties' [sic] consent." The district court denied the motion.

Eventually, Cooper entered a guilty plea pursuant to a negotiated plea agreement in which he reserved the right to appeal the denials of his suppression motions. The district court accepted the plea agreement and sentenced Cooper to 396 months in prison. Cooper appeals.

## II.

When reviewing a district court's decision on a motion to suppress, we review findings of fact for clear error and conclusions of law de novo. *United States v. Young*, 847 F.3d 328, 342 (6th Cir. 2017). A finding of fact is clearly erroneous when we are left with the definite and firm conviction that a mistake has been committed. *Id.* Whether a search was reasonable under the Fourth Amendment is a question of law. *Id.* Here we review the evidence in the light most favorable to the government because the district court denied the motions to suppress. *Id.*

## A.

Cooper argues that the government cannot use one application for two wiretap orders and, therefore, the TT1 and TT2 wiretaps were improper and the evidence must be suppressed. To support this claim, Cooper relies exclusively on the statute's necessity prong, which states:

> Each application for an order authorizing or approving the interception of a wire, oral, or electronic communication under this chapter shall be made in writing upon oath or affirmation to a judge of competent jurisdiction and shall state the applicant's authority to make such application. Each application shall include . . . a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous[.]

18 U.S.C. § 2518(1)(c). Without further support or explanation, Cooper argues that this requires that "each request for a wiretap must be supported by a separate application." It is noteworthy, and determinative, that this statutory provision does not say anything like that.

The government responds that Cooper forfeited his right to appeal this issue because he did not expressly reserve it in his agreement. Regardless, as the government also points out, the

statute does not require separate affidavits or applications as Cooper contends. In fact, we have routinely endorsed the use of a single application to wiretap multiple phones. *See*, *e.g.*, *United States v. Wright*, 635 F. App'x 162, 164 (6th Cir. 2015); *United States v. Sherrills*, 432 F. App'x 476, 479 (6th Cir. 2011). Cooper's legal contention is unfounded and, ultimately, wrong.

**B.**

Cooper argues that the affidavit for the TT2 application does not prove the necessity of the wiretap and, therefore, the wiretap was improper and the evidence must be suppressed. Essentially, Cooper claims that the affidavit did not establish that traditional investigative methods had been tried or sufficiently explain why they would be unlikely to succeed.[1]

The 52-page affidavit, prepared by a competent and knowledgeable officer, stated that the government had been investigating Cooper and his drug-trafficking organization for some six months, during which several traditional investigative methods had been attempted and others considered. The affidavit explained that the government had attempted physical surveillance, pen registers, confidential informants, consensual recordings, trash searches, pole cameras, and tracking devices. But the evidence obtained was insufficient to bring the investigation to prosecution. The affidavit also explained why grand jury subpoenas, undercover officers, witness interviews, or search warrants were either unlikely to succeed or were simply too dangerous to attempt.

The district court found that the affidavit contained facts sufficient to demonstrate the necessity of the wiretap, and that finding is not clearly erroneous. Moreover, one could argue that if *this* affidavit were found insufficient, it is unlikely that any affidavit would be sufficient to prove necessity for a wiretap.

---

[1]Cooper also claims that the government's motive for using one application for both wiretaps was to use the evidence for the wiretap of TT1 (Williams) to improperly prove necessity for the tap of TT2 (Cooper), thus also suggesting without any basis that a reviewing judge or magistrate judge would have been unable to recognize that these were two different phones.

**C.**

Cooper argues that the affidavit contains material misrepresentations and omits material information, and therefore he was entitled to a *Franks* hearing to demonstrate that the wiretap was improper and that the evidence must be suppressed. A defendant is entitled to a *Franks* hearing if he (1) can make a substantial preliminary showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, made a false statement or material omission in the affidavit; and (2) proves that the false statement or material omission was necessary to the finding of probable cause. *United States v. Rose*, 714 F.3d 362, 370 (6th Cir. 2013) (citing *Franks v. Delaware*, 438 U.S. 154, 171-72 (1978)).

Cooper alleges five "false or misleading" statements: (1) that Williams was using TT1 on March 31, though he was not; (2) that Williams was using TT1 and TT2 for drug trafficking, though he was not; (3) that police used physical surveillance "throughout" the investigation, when in fact they followed Cooper only one time; (4) that police used pen registers "in March 2014," when they actually monitored them for only five days between March 13 and 18; and (5) that traditional investigative techniques were insufficient, when police had not actually attempted things such as video surveillance, undercover agents, grand jury subpoenas, trash searches, or tracking devices, but instead only *believed* that they would be unsuccessful.

In his brief, Cooper actually describes the second of these five allegedly false or misleading assertions as: "(2) that he was using them in connection with the target offenses." We assume, from context, that Cooper is challenging an assertion that Williams was using TT1 and TT2 for drug trafficking. But Cooper does not elaborate any further on this claim anywhere in his brief, nor did he raise it to the district court. Therefore, Cooper has forfeited this particular claim and we will not consider it further.

As for the other four contested statements, the district court explained that the dates were accurate based on the officer's knowledge at the time of the affidavit; that the "general reference[s]" to "throughout this investigation" and to "in March 2014" were reasonable; and that Cooper's belief that sufficient traditional investigation techniques had not been employed does not render the officer's statements false or misleading. The court also addressed Cooper's

attack on "boilerplate" language, explaining that boilerplate does not mean false or misleading. Finally, the court pointed out that the "correct" information that Cooper uses to craft these charges (that surveillance was used only once, that pen registers were sought for a period of only five days, and that the officer merely *believed* the investigatory techniques would fail) was, in fact, included in the affidavit, so rather than being misled, the reviewing judge was aware of these alleged inconsistencies and exercised his own judgment.

Because these statements were not misleading, a *Franks* hearing was not necessary.

**D.**

Cooper argues that the government did not seal the TT2 recordings "immediately," as required by the statute, or explain why it did not, so the court must suppress the evidence from TT2. This statutory provision says, in pertinent part: "Immediately upon the expiration of the period of the order, or extensions thereof, such recordings shall be made available to the judge issuing such order and sealed under his directions." 18 U.S.C. § 2518(8)(a). The order, as issued, was set to expire on April 29 (i.e., 30 days from the March 31 start date), but because Cooper stopped using TT2 earlier, the order effectively expired earlier. Cooper last used TT2 on April 12, but it was not until April 14 that the government was able to confirm that Cooper had stopped using TT2. The government submitted the TT2 recordings to the court for sealing on April 16. Cooper says that because the last interception occurred on April 12, April 16 was too late.

Under § 2518(8)(a), "immediately" means "within one or two days." *United States v. Wilkinson*, 53 F.3d 757, 759 (6th Cir. 1995) (quotation marks and citation omitted). If a recording is not sealed "immediately," the government must provide a "satisfactory explanation" for why it was not, in order for the recording to be admissible. *Id.* (quoting § 2518(8)(a)).

Cooper, of course, did not advise the government that he had stopped using TT2. But within two days of independently confirming that fact, and 13 days prior to the expiration date on the face of the warrant, the government submitted the TT2 recording to the district court for sealing. This satisfies the "immediately" requirement of § 2518(8)(a).

**E.**

Cooper argues that the government did not establish that the undercover informants consented voluntarily to the recordings of their communications with Cooper and, therefore, it could not rely on 18 U.S.C. § 2511(2)(c) ("It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where . . . one of the parties to the communication has given prior consent to such interception.").

The government explained to the district court that the contents of the recordings demonstrate that the informants were aware that their conversations were being recorded and therefore gave valid consent. This is a legitimate means of proving consent in a situation such as this. *See United States v. Moncivais*, 401 F.3d 751, 754-55 (6th Cir. 2005). Because the court found consent, we review that determination for clear error. *Id.* And we find none.

Cooper also contends that the government may not rely on consent from an informant who is on probation or parole because internal government policy forbids the use of probationers or parolees as confidential informants. The district court found that Cooper had failed to prove any aspect of this contention; most notably, Cooper had failed to show that these informants were on probation or parole. Regardless, even if Cooper could prove this alleged violation of internal government policy, that would not negate the informants' consent. *See United States v. Bussell*, 266 F. App'x 393 (6th Cir. 2008); *United States v. Porter*, 29 F. App'x 232 (6th Cir. 2002).

Finally, Cooper contends that the government was subject to a higher burden of proof to demonstrate voluntary consent and that it failed to meet that burden. But Cooper has provided no authority to support this specific legal proposition, nor does he offer a demonstration of clear error in the decision.

**III.**

For all of the foregoing reasons, we AFFIRM the judgment of the district court.